UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLA T. BOZZELLI, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) No. 1:20-cv-02166-JMS-TAB |
| | ) |
| ACOSTA MARKETING, INC., MARK BOCK, and THEO KURTZ, | ) |
| | ) |
| | ) |
| *Defendants*. | ) |

**ENTRY GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

Pending before the Court are Plaintiff Carla Bozzelli's Complaint, [Filing No. 1], Motion to Proceed *In Forma Pauperis*, [Filing No. 2], and Motion for Assistance With Recruiting Counsel, [Filing No. 3]. This Order first addresses Ms. Bozzelli's Motion to Proceed *In Forma Pauperis*, then screens her Complaint pursuant to 28 U.S.C. § 1915(e)(2), considers her Motion for Assistance With Recruiting Counsel, and directs further proceedings.

**I.**
**MOTION TO PROCEED *IN FORMA PAUPERIS***

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that she lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Ms. Bozzelli's Motion to Proceed *In Forma Pauperis*, [2], meets this standard and is therefore **GRANTED**. 28 U.S.C. § 1915(a).

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee; "all [18

U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (emphasis in original). The Court does not have the authority to waive the filing fee, and it remains due despite plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. 2016) ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. 2015) (same principle). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $400 filing fee includes a $50 administrative fee, but that the administrative fee "does not apply to…persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

### A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Complaint**

Ms. Bozzelli names as Defendants her former employer, Acosta Marketing, Inc. ("Acosta"), Sales Manager Mark Bock, and Sales Representative Theo Kurtz. [Filing No. 1 at 1-3.] She sets forth the following allegations in the Complaint, which the Court must accept as true at this time:

> I was hired as a operation manager at Acosta. I tru[ ]ly enjoyed my position and had a great [rapport] with my Boss Mark Bock. At the location of Acosta there was about 10 Employees. One of the Sales Reps…had a gun on his desk. [A]nother Rep appro[a]ched me with this information. It was very upsetting to me not only the gun but that this person has had a[ ] lot of issues with instability. I had brought this issue to my Boss Mark Bock about every day. He was constantly covering for him, I just couldn't let it go. I was very fearful of the situation. I asked Mark Bock what [the employee with the gun] had on him to keep him around. I was not the only one that knew about this situation. On May 31, 2018 I was told that my job was eliminated, and I said it was because I talked to[o] much about the gun and [the employee with the gun]. Mark promised me before this incident that I would have a broker position within the company also. I was already doing that job and mine without the compensation. Then I find out that they hired a man to take my position. So if the job was eliminated and they hired a man, why wasn't I called back. They stated what a great Employee I was[.]

[Filing No. 1 at 5.]

Ms. Bozzelli asserts claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (the "ADEA"). [Filing No. 1 at 2.] She alleges that Defendants discriminated against her based on her race, color, gender/sex, and national origin,[1] and that Defendants violated Title VII and the ADEA by terminating her employment, failing to promote her, and retaliating against her. [Filing No. 1 at 4-5.] Ms. Bozzelli alleges that the acts upon which her claims are based took place in May 2018, and that she filed a charge with the Equal

---

[1] Although Ms. Bozzelli alleges that she brings a claim under the ADEA, she did not check the box for "age" in the section of her Complaint listing the characteristics upon which her discrimination claims are based. [Filing No. 1 at 5.]

Employment Opportunity Commission ("EEOC") in December 2019. [Filing No. 1 at 4-6.] She attaches a Right to Sue Letter from the EEOC dated August 11, 2020. [Filing No. 1-1.]

**C. Discussion**

In order for Ms. Bozzelli to bring claims under Title VII and the ADEA in federal court, she must have: (1) timely filed a charge with the EEOC, and (2) received a right to sue letter from the EEOC. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(b), (e), and (f); 29 U.S.C. § 626(d). To meet the timeliness requirement, a plaintiff must file a charge with the EEOC within 180 days of the allegedly discriminatory act, *id.*, or within 300 days "if a [plaintiff] initially institutes proceedings with a state or local agency that possesses the authority to address the alleged discrimination," *Russell v. Delco Remy Div.*, 51 F.3d 746, 750 (7th Cir. 1995). This deadline "protect[s] employers from the burden of defending claims arising from employment decisions that are long past." *Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284, 291 (7th Cir. 1986) (internal quotation and citation omitted).

Based on Ms. Bozzelli's own allegations, she did not timely file her charge with the EEOC. Specifically, she alleges that the discriminatory acts took place in May 2018, but that she did not file her EEOC charge until December 2019 – well after the 180-day, and even the 300-day, deadline. [*See* Filing No. 1 at 4-6.] Because Ms. Bozzelli did not timely exhaust her administrative remedies, her Title VII and ADEA claims fail as a matter of law.[2]

---

[2] Ms. Bozzelli's claims could be dismissed on a number of other grounds as well. For example, she asserts that she was discriminated against due to her age but does not set forth her age or the age of the individual who replaced her. Similarly, she does not allege her race or national origin in connection with her Title VII claims based on race and national origin discrimination. Additionally, she does not allege how Defendants failed to promote her. Finally, her own allegations indicate that she believes Defendants terminated her because she complained that another employee had a gun at work, and not because of her age, race, national origin, or gender.

The Court is mindful of Ms. Bozzelli's *pro se* status and its attendant duty to construe her pleadings liberally.  *See, e.g.*, *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019).  Nevertheless, because Ms. Bozzelli's factual allegations do not state a plausible federal claim for relief, her Complaint must be dismissed.  Consistent with the general policy that *pro se* litigants should be given ample opportunity to correct deficiencies, *see id.*, and despite the fact that the untimeliness of Ms. Bozzelli's EEOC charge appears to be an insurmountable issue, Ms. Bozzelli shall have until **September 18, 2020** to file an Amended Complaint that sets forth a basis for this Court to exercise jurisdiction and provides "a short and plain statement of the claim[s] showing that [she] is entitled to relief," Fed. R. Civ. P. 8.

### III.
#### MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL

Ms. Bozzelli has filed a Motion for Assistance With Recruiting Counsel, in which she states that she cannot afford counsel because she is unemployed.  [Filing No. 3.]  Because Ms. Bozzelli has not set forth any viable claims, her Motion for Assistance With Recruiting Counsel is **DENIED**.

### IV.
#### CONCLUSION

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. Ms. Bozzelli's request to proceed *in forma pauperis*, [2], is **GRANTED.**
2. Ms. Bozzelli's Complaint, [1], is **DISMISSED WITHOUT PREJUDICE**.
3. Ms. Bozzelli shall have until **September 18, 2020** to file an Amended Complaint that addresses the deficiencies in this Order and otherwise complies with federal pleading

standards. Failure to do so may result in dismissal of this case for failure to state a claim.

4. Ms. Bozzelli's Motion for Assistance With Recruiting Counsel, [3], is **DENIED**.

Date: 8/20/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

Carla T. Bozzelli
12114 Briarway S. Drive
Indianapolis, IN 46259